IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-02676-PAB

KAREN BEITZ,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER TO SHOW CAUSE

    The Court takes up this matter *sua sponte* on defendant's Notice of Removal [Docket No. 1]. Defendant states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 1 at 2, ¶ 3.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Defendant's allegations are insufficient to establish plaintiff's citizenship.

In its notice of removal, defendant correctly states that a plaintiff establishes domicile – and therefore state citizenship – by being "physically present in the state and intend[ing] to remain there." Docket No. 1 at 2, ¶ 4. However, the evidence upon which defendant relies to establish plaintiff's citizenship, namely, plaintiff's statement that she is a "resident of the State of Colorado," Docket No. 1-2 at 1, ¶ 1 (second), addresses only the first prong of this test. Mere residency in a state without an intent to remain is not determinative of a party's citizenship for purposes of diversity jurisdiction. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[A] person acquires

2

domicile in a state when the person resides there and intends to remain there indefinitely."); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

Because defendant's allegations are presently insufficient to allow the Court to determine plaintiff's citizenship or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted), it is

**ORDERED** that, on or before **5:00 p.m.** on **December 5, 2018**, defendant shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED November 21, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

3